IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,               )
                                    )
vs.                                 )   Case No. CR-09-19-M
                                    )
HEATHER NORRIS,                     )
                                    )
            Defendant.              )

# ORDER

Before the Court is defendant's motion for reduction of sentence, filed August 23, 2010.

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court "may modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (internal citations omitted).

Because there has been no motion by the Director of the Bureau of Prisons and because the applicable sentencing range has not been subsequently lowered by the Sentencing Commission, the Court finds avenues one and three are inapplicable to the instant case.

> Rule 35 of the Federal Rules of Criminal Procedure empowers a court to correct or reduce a Defendant's sentence in three specified instances. Subsection (a) authorizes a district court to correct an illegal sentence on remand from a court of appeals. Subsection (b) grants a court authority to "reduce a sentence to reflect a defendant's subsequent, substantial assistance" "on motion of the Government made within one year after the imposition of the sentence." Finally, subsection (c) provides that a court "acting within 7 days after the

> imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."

*Id.* at 948 (internal citations omitted).

None of these subsections apply to the instant case. Subsection (a) does not apply because this case is not on remand from a court of appeals. Subsection (b) does not apply because the government has not filed the instant motion, and subsection (c) does not apply because it has been longer than seven days after sentence was imposed in this case. Additionally, in her motion, defendant cites to no statute authorizing the modification of her sentence. Accordingly, the Court finds that avenue two is inapplicable to this case.

Therefore, the Court finds that it is without authority to modify defendant's sentence. Accordingly, the Court DENIES defendant's motion for reduction of sentence [docket no. 94].

**IT IS SO ORDERED this 2nd day of September, 2010.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE